# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

THOMAS BRAWLEY,

    Plaintiff

    V.

METROPOLITAN LIFE INSURANCE COMPANY, AND VERIZON COMMUNICATIONS SHORT TERM DISABILITY PLAN,

    Defendants

CIVIL ACTION NO.

## COMPLAINT

1.    Plaintiff, Thomas Brawley ("Mr. Brawley"), brings this action against the Defendants, Metropolitan Life Insurance Company ("MetLife") and the Verizon Communications Short Term Disability Plan ("Plan"), (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Mr. Brawley is a participant in an ERISA welfare benefit plan insured and administered by MetLife.

2.    Mr. Brawley is filing this action to: 1) recover short-term disability ("STD") benefits due to him under his employer's STD Plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, interest, costs and attorneys' fees.

3.    Mr. Brawley challenges the Defendants': 1) unreasonable and unlawful denial of Mr. Brawley's STD benefits despite the substantial medical and vocational evidence

demonstrating Mr. Brawley's qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Mr. Brawley's disability in an effort to limit Defendants' financial exposure for Mr. Brawley's claims; 3) failure to provide Mr. Brawley with a full and fair review of his claims for STD benefits; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Mr. Brawley's STD claim.

**PARTIES**

4. Mr. Brawley is a resident of Tewksbury, Massachusetts.  Mr. Brawley is a vested participant in Defendants' employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7).  Mr. Brawley has standing to bring this action under 29 U.S.C. § 1132(a).

5. Defendant, MetLife, is a for-profit corporation. MetLife transacts business in Massachusetts, with offices in Boston, among other cities. MetLife is the party responsible for processing claims made under the Plan and making a final determination as to Plan participants' eligibility for benefits.

6. At all times relevant to the claims asserted in this Complaint, Defendant MetLife purported to act as an ERISA claims fiduciary with respect to participants of the plan generally, and specifically with respect to Mr. Brawley, within the meaning of ERISA.

7. The STD plan under which Mr. Brawley is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

## STATEMENT OF FACTS

**Relevant Policy Terms.**

8.      As an employee of Verizon, Mr. Brawley was eligible for STD coverage under a contract of insurance with MetLife.

9.      The Plan provision defining disability states that you are disabled when MetLife determines that you are unable to perform the essential functions of your occupation.

10.     Mr. Brawley meets the standard for total disability and is eligible for STD benefits under the terms of the Plan.

**Mr. Brawley's Claim for STD Benefits**

11.     Mr. Brawley's last day of work at Verizon was December 7, 2013.

12.     Mr. Brawley ceased working because his medical condition resulted in symptoms that functionally limited his ability to perform on a full- or part-time basis, the duties of his own or any occupation.

13.     On May 5, 2014, MetLife terminated Mr. Brawley's claim for STD benefits on the basis that he was no longer disabled from performing the duties of his occupation, although there had been no improvement in his condition that would justify a termination of Mr. Brawley's benefits.

14.     MetLife's assertion that Mr. Brawley was no longer disabled was  incorrect.

15.     On August 22, 2014, Mr. Brawley appealed MetLife's decision to deny his STD benefits.

16.     Mr. Brawley submitted additional medical records documenting his ongoing functional limitations due to his conditions with his appeal.

17.     On October 3, 2014, MetLife upheld its decision to terminate Mr. Brawley's benefits.

18.    On October 16, 2014, following treatment for his sleep disorder and the imitation of a CPAP machine, Mr. Brawley's condition had improved and he was able to return to work.

19.    On November 25, 2014, Mr. Brawley, with the assistance of counsel,  filed a second appeal of MetLife's decision to terminate his benefits for the closed period of May 5, 2014 through October 16, 2014.

20.    Mr. Brawley submitted additional medical records, an independent vocational report and narratives from his treating providers supporting his ongoing disability.

21.    MetLife upheld its decision to terminate Mr. Brawley's benefit on xxx.

**Summary of Defendants' Review of Mr. Brawley's Claims**

22.    Mr. Brawley  has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

23.    Mr. Brawley's disability and eligibility for STD benefits is based on the substantial evidence in Defendants' possession.

24.    The Defendants and their internal reviewers arbitrarily dismissed Mr. Brawley's symptoms when they determined that Mr. Brawley was not disabled.

25.    The Defendants failed to address or analyze the findings of Mr. Brawley's treating and evaluating physicians' opinions regarding Mr. Brawley's symptoms, restrictions, limitations and disability.

26.    The Defendants failed to evaluate Mr. Brawley's conditions as a whole and their combined effects on his functionality.

27.    The Defendants failed to provide Mr. Brawley with a full and fair review of his claim for STD benefits.

28. The decision to terminate Mr. Brawley's STD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

29. Defendants were influenced by its financial conflict of interest when it denied Mr. Brawley's claim for STD benefits.

30. Defendants were influenced by its financial conflict of interest, as both the administrator of the Plan, and the payer of benefits thereunder, when it refused to consider Mr. Brawley's benefits.

31. Due to the unlawful denial of benefits under ERISA, Mr. Brawley has lost his rightful STD benefits.  He has also suffered emotional distress as a result of the Defendants' actions.

32. Due to the unlawful denial of benefits under ERISA, Mr. Brawley has also lost the use of his STD benefits.

33. Mr. Brawley now brings this action to meet the contractual limitations period as delineated under the terms of the Plan and to enforce his rights under ERISA.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for Unpaid Benefits)**
**(ALL DEFENDANTS)**

34. Mr. Brawley realleges each of the paragraphs above as if fully set forth herein.

35. The Plan is a contract.

36. Mr. Brawley has performed all of his obligations under the contract.

37. 29 U.S.C. § 1132(a)(1)(B) states that:

       A civil action may be brought ---

5

1. by a participant or beneficiary –

    1. for the relief provided for in subsection (c) of this section, or

    2. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

38. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

39. The Defendants unlawfully denied Mr. Brawley's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Mr. Brawley's claim for STD benefits; and (2) denying Mr. Brawley a full and fair review of their decision to deny his benefits.

40. In accordance with 29 U.S.C. §1132, Mr. Brawley is entitled to STD benefits under the Plan based upon his disabled status from May 5, 2014 to October 16, 2014.

41. The Defendants have refused to provide Mr. Brawley with his disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

42. As a direct and proximate result of this breach, Mr. Brawley has lost the principal and the use of his rightful disability benefits.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

43. Mr. Brawley realleges each of the paragraphs above as if fully set forth herein.

44.     Under the standards applicable to ERISA, Mr. Brawley deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

45.     Defendants have the ability to satisfy the award.

46.     Mr. Brawley's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

47.     The Defendants have acted in bad faith in denying Mr. Brawley's disability benefits under the Plan.

48.     The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)     Declare, adjudge and decree that Mr. Brawley is entitled to disability benefits as calculated under the terms of the Plan;

(2)     Award Mr. Brawley disability benefits and interest from the dates of the Defendants' breaches of contract;

(3)     Order that the Defendants make restitution to Mr. Brawley in the amount of all losses sustained by Mr. Brawley as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4)     Award Mr. Brawley the costs of this action and reasonable attorneys' fees; and

(5)     Award such other relief as the court deems just and reasonable.

Date:  September 8, 2015            Respectfully submitted for the Plaintiff,


                                         By:     /s/ Mala M. Rafik
                                              Mala M. Rafik
                                              BBO No. 638075
                                              Socorra A. Glennon
                                              BBO No. 688197
                                              ROSENFELD RAFIK & SULLIVAN, P.C.
                                              184 High Street, Suite 503
                                              Boston, MA 02110
                                              T: 617-723-7470, ext. 205
                                              F: 617-227-2843
                                              E: mmr@rosenfeld.com